**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Olga Ramirez,<br><br>              Plaintiff,<br><br>v.<br><br>Unique Transitional Homes Staffing LLC, an Arizona limited liability company; and Eddie Lee Pearson and Peggy Pearson, a married couple,<br><br>              Defendants. | No. CV-23-01882-PHX-DGC<br><br>**ORDER AND DEFAULT JUDGMENT** |

Plaintiff Olga Ramirez asserts claims for unpaid wages against Unique Transitional Homes Staffing LLC ("Transitional Homes") and Eddie and Peggy Pearson (collectively "Defendants"). Doc. 1. The Clerk entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). Doc. 9. Plaintiff moves for default judgment under Rule 55(b). Doc. 13. For reasons stated below, default judgment is appropriate and will be entered in the amount of $90,679.68, plus applicable interest.

**I.     Background.**

According to Plaintiff's complaint, Transitional Homes is a limited liability company that owns and operates a sober living home in Maricopa County, Arizona. Doc. 1 ¶¶ 12-13, 31-32. Eddie and Peggy Pearson, a married couple, are the owners of Transitional Homes. *Id.* ¶ 15. Defendants employed Plaintiff as the sober living home manager between February and August 2023. *Id.* ¶¶ 33-34.

1

Defendants agreed to pay Plaintiff $1,000 per week regardless of the number of hours she worked. *Id.* ¶¶ 35-38. Rather than classify Plaintiff as a nonexempt employee, Defendants misclassified her as an independent contractor. *Id.* ¶¶ 39-45, 55-64. Throughout her employment with Defendants, Plaintiff worked approximately 16 hours per day, seven days a week. *Id.* ¶¶ 46-48. Defendants paid Plaintiff no overtime wages for working more than 40 hours in a workweek and paid her no wages for nine workweeks in the months of May, June, and August 2023. *Id.* ¶¶ 38, 48-54, 65.

The complaint asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (counts one and two), the Arizona Minimum Wage Act ("AMWA"), A.R.S. § 23-362 et seq. (count three), and the Arizona Wage Act ("AWA"), A.R.S. § 23-350 et seq. (count four). *Id.* ¶¶ 77-99. The complaint's prayers for relief request unpaid minimum and overtime wages, liquidated and treble damages, reasonable attorneys' fees and costs, and applicable interest. *See id.*

Defendants were served with process but have failed to answer or otherwise respond to the complaint. *See* Docs. 5-7; Fed. R. Civ. P. 12. As noted, the Clerk entered Defendants' default and Plaintiff now moves for default judgment. Docs. 9, 13. Defendants have filed no response to the motion and the time for doing so has expired. *See* Fed. R. Civ. P. 6; LRCiv 7.2(c).

**II.   Default Judgment.**

After the Clerk enters a defendant's default, the Court may enter default judgment under Rule 55(b)(2). The decision whether to enter default judgment is discretionary. *See Schmidt v. AmerAssist A/R Sols. Inc.*, No. CV-20-00230-PHX-DWL, 2020 WL 6135181, at *1 (D. Ariz. Oct. 19, 2020) (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). While the Court it is not required to make detailed findings of fact, *see Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), it should consider several factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual

disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits, *see Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Plaintiff argues that that the *Eitel* factors favor default judgment. Doc. 13 at 3-8. The Court agrees.

### A. The *Eitel* Factors.

#### 1. Prejudice to Plaintiff.

The first *Eitel* factor "considers whether the plaintiff will suffer prejudice if default judgment is not entered." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). This factor favors default judgment where the defendant fails to answer the complaint because the plaintiff "would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery." *Marquez v. Chateau Hosp., Inc.*, No. CV-20-0107 FMO (RAOx), 2020 WL 5118077, at *2 (C.D. Cal. June 11, 2020).

Defendants have not appeared in this action despite being served with process more than six months ago. *See* Docs. 5-7. Because "default judgment is the only means to compensate Plaintiff [for the unpaid wages], denial of Plaintiff's request for default judgment will effectively immunize Defendants from liability and leave Plaintiff without redress." *Osgood v. Main Streat Mktg., LLC*, No. 16cv2415-GPC(BGS), 2018 WL 11408584, at *2 (S.D. Cal. Mar. 21, 2018). The first *Eitel* factor favors default judgment. *See Avila v. JBL Cleaning Servs. LLC*, No. CV-23-00398-PHX-DJH, 2024 WL 863710, at *3 (D. Ariz. Feb. 29, 2024) (finding the same in an action for unpaid wages because "without an entry of default judgment, Plaintiff's damages would remain unrelieved").

#### 2. Merits of the Claims and Sufficiency of the Complaint.

These *Eitel* factors are often analyzed together and require the Court to consider whether the complaint states plausible claims for relief under the Rule 8 pleading standard. *See PepsiCo*, 238 F. Supp. 2d at 1175; *Best W. Int'l Inc. v. Ghotra Inc.*, No. CV-20-01775-PHX-MTL, 2021 WL 734585, at *3 (D. Ariz. Feb. 25, 2021); *Danning v. Lavine*, 572 F.2d 1386, 1388-89 (9th Cir. 1978). A claim is plausible when it is brought under a cognizable

3

legal theory and the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, [are] taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Accepting as true the well-pled factual allegations of Plaintiff's complaint, the Court finds that she has stated plausible claims for relief under the FLSA, the AMWA, and the AWA. The second and third *Eitel* factors therefore favor default judgment.

### a. FLSA Claims (Counts One and Two).

The FLSA requires employers to pay their employees a minimum hourly wage and additional overtime wages for any time spent working in excess of a forty-hour workweek (not less than one and a half times the hourly wage). 29 U.S.C. §§ 206(a), 207(a).[1] "To establish a minimum wage or overtime violation of the FLSA, Plaintiff must establish three elements: (1) she was an employee of Defendants, (2) she was covered under the FLSA, and (3) Defendants failed to pay her minimum wage or overtime wages." *Smith v. Nov. Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020).

Under the FLSA, an "employee" is "any individual employed by an employer" and an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d), (e)(1). "An individual can be subject to liability under the FLSA as an employer if they 'exercise control over the nature and structure of the employment relationship, or economic control over the relationship.'" *Avila*, 2024 WL 863710, at *3 (quoting *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009)).

Plaintiff alleges that she was Defendants' employee at all relevant times and that they controlled her work schedule and conditions of employment, supervised her work,

---

[1] The applicable federal minimum wage is $7.25 per hour. *See* Doc. 13 at 6; 29 U.S.C. § 206(a)(1)(C).

4

maintained her employment records, determined her wages and method of payment, and had authority to hire and fire employees. Doc. 1 ¶¶ 14-16, 40-45. Plaintiff has sufficiently alleged that she was Defendants' employee for purposes of the FLSA. *See Avila*, 2024 WL 863710, at *4.

There are two types of coverage under the FLSA: individual and enterprise. *See Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914 (9th Cir. 2003). An employee has individual coverage if, during her work, she "is engaged in commerce[.]" 29 U.S.C. § 206(a). An employee has enterprise coverage if she works for an "enterprise engaged in commerce[.]" *Id.* Plaintiff alleges that during her work for Defendants she was engaged in commerce and was employed by an enterprise engaged in commerce because Transitional Homes had an annual gross revenue of at least $500,000. Doc. 1 ¶¶ 27-29; *see* 29 U.S.C. § 203(s)(1).

"To bring an FLSA claim for unpaid minimum wages, a plaintiff must 'allege facts showing that there was a given week in which [she] was entitled to but denied minimum wages.'" *Avila*, 2024 WL 863710, at *4 (quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014)). "To bring an FLSA claim for unpaid overtime wages, a plaintiff must allege at least one workweek in which she worked in excess of forty hours and [was] not paid overtime wages." *Id.* (citing *Landers*, 771 F.3d at 646). Plaintiff alleges that she regularly worked at least 100 hours per week in her employment with Defendants, they failed to pay her overtime wages, and they paid her no wages for nine workweeks. Doc. 1 ¶¶ 38, 46-54, 65, 79-83, 86-88. Accepting these allegations as true, Plaintiff has stated plausible claims against Defendants for unpaid minimum wages and unpaid overtime wages under the FLSA. *See Avila*, 2024 WL 863710, at *4.

### b.    AMWA Claim (Count Three).

The AMWA establishes the minimum wage an employer must pay an employee in Arizona. A.R.S. § 23-363(A)-(C).[2] With a few exceptions not relevant here, the AMWA

---

[2] The Arizona minimum wage for 2023 was $13.85 per hour. *See* Doc. 13 at 6; *Wong v. White Rock Phlebotomy, LLC*, No. CV-23-00234-TUC-EJM, 2024 WL 897002,

defines an "employee" as "any person who is or was employed by an employer" and includes in the definition of "employer" any "limited liability company . . . [and] individual . . . acting directly or indirectly in the interest of an employer in relation to an employee[.]" A.R.S. § 23-362(A)-(B).

Defendants can be held liable under the AMWA as employers because Plaintiff alleges that Transitional Homes is a limited liability company and the Pearsons acted in its interest in relation to employees. Doc. 1 ¶¶ 12, 15-16. And because Plaintiff alleges that Defendants paid her no compensation for nine workweeks (*id.* ¶¶ 65, 91-93), she has stated a claim for unpaid minimum wages under the AMWA. *See Avila*, 2024 WL 863710, at *4 (same where the defendants allegedly failed to compensate the plaintiff for the hours she worked during her last two weeks of employment).

### c.     **AWA Claim (Count Four).**

The AWA requires that "[e]ach employer, on each of the regular paydays, shall pay to the employees all wages due to the employees up to that date[.]" A.R.S. § 23-351(C). The AWA defines an "employee" as "any person who performs services for an employer under a contract of employment either made in this state or to be performed wholly or partly within this state." A.R.S. § 23-350(2). The term "employer" is defined more narrowly under AWA than it is under the AMWA and FLSA. Under the AWA, an employer is defined as "any individual, partnership, association, joint stock company, trust or corporation, the administrator or executor of the estate of a deceased individual or the receiver, trustee or successor of any of such persons employing any person." A.R.S. § 23-350(3). "This statutory definition does not, in other words, authorize individual liability against the owners, officers, and directors of a corporate employer in a case where the claim is for the employer's wholesale failure to pay wages." *Rosen v. Fasttrak Foods LLC*, No. CV-19-05292-PHX-DWL, 2021 WL 2981590, at *5 (D. Ariz. July 15, 2021) (citation omitted).

---

at *7 n.4 (D. Ariz. Feb. 13, 2024) (citing A.R.S. § 23-363).

Plaintiff asserts the AWA claim against Transitional Homes only. Doc. 1 at 16. Her allegations that she was employed by Transitional Homes and it paid her no compensation for nine workweeks (*id.* ¶¶ 33-34, 65) are sufficient to state an AWA claim. *See Avila*, 2024 WL 863710, at \*5; *Tejeda v. Bos. Mkt. Corp.*, No. CV-23-01497-PHX-JJT, 2023 WL 8810927, at \*2 (D. Ariz. Dec. 20, 2023) ("Plaintiff alleges that since May 2023, Defendants failed to pay him at all while he worked for Boston Market. Accepting this allegation as true, Plaintiff has shown that Defendants violated the . . . AWA.") (citation omitted); *Bhular v. Asteri Grp. Home LLC*, No. CV-23-01881-PHX-ESW, 2024 WL 1160721, at \*3 (D. Ariz. Feb. 29, 2024) (finding that the plaintiff stated an AWA claim where he alleged that the defendants were his employers, they agreed to pay him $16.25 per hour, he worked approximately 70-80 hours during a two-week period, and he was paid no wages).

### 3. Amount of Money at Stake.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct. *See PepsiCo*, 238 F. Supp. 2d at 1176. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel v. Systemhouse, Inc.*, No. CIV 04-187-TUC-CKJ, 2008 WL 65604, at \*4 (D. Ariz. Jan. 3, 2008). Where a plaintiff seeks only statutory damages, this factor generally weighs in favor of default judgment. *See G & G Closed Cir. Events LLC v. Espinoza*, No. CV-18-08216-PCT-JAT, 2020 WL 377095, at \*3 (D. Ariz. Jan. 23, 2020).

Accepting the complaint's allegations as true, Defendants failed to pay Plaintiff the wages she was due in clear violation of both federal and state law. Plaintiff seeks statutory damages in the amounts of $66,729.60 for unpaid minimum wages and $23,950.08 for unpaid overtime wages. Doc. 13 at 9-11. Although these amounts are significant sums of money, the Court cannot conclude that they are disproportionate to the seriousness of Defendant's misconduct. This factor therefore favors default judgment. *See Wong*, 2024 WL 897002, at \*6 (finding that the defendants' failure to pay wages owed was serious enough to warrant default judgment in the amount of $118,973).

### 4. Potential Factual Disputes.

"This factor turns on the degree of possibility that a dispute concerning material facts exists or may later arise." *Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, No. 18-CV-823 JLS (JLB), 2021 WL 3493094, at *15 (S.D. Cal. Aug. 6, 2021) (citing *Eitel*, 782 F.2d at 1471-72). Due to Defendants' refusal to participate in this case, Plaintiff does not have complete time or pay records and therefore has estimated the number of work hours for which she has not been paid. Doc. 13 at 4. The current record, however, contains no evidence negating the reasonableness of Plaintiff's estimates of her hours worked. The Court finds that the fifth *Eitel* factor is neutral. *See Dunson v. RMH Franchise Corp.*, No. CV-23-00148-TUC-RM, 2023 WL 4933200, at *2 (D. Ariz. Aug. 2, 2023) (same); *see also Avila*, 2024 WL 863710, at *5 (finding that "the possibility of dispute is low" because the complaint's factual allegations are presumed true when the defendant defaults).

### 5. Whether Default Was Due to Excusable Neglect.

Plaintiff has filed affidavits showing proper service of process on Defendants. Docs. 5-7; *see* Fed. R. Civ. P. 4(e). It therefore is "unlikely that [their] failure to answer and the resulting default was the result of excusable neglect." *Gemmel*, 2008 WL 65604, at *5. This factor favors default judgment.

### 6. Policy Favoring Decisions on the Merits.

Cases should be decided upon their merits whenever reasonably possible. *See Eitel*, 782 F.2d at 1472; *Falk*, 739 F.2d at 463. But Defendants' default "makes a decision on the merits impractical, if not impossible." *Gemmel*, 2008 WL 65604, at *5. And the mere existence of Rule 55(b), which expressly authorizes default judgment, indicates that the preference of resolving cases on the merits "is not dispositive." *PepsiCo, Inc.*, 238 F. Supp. at 1177.

"[A]lthough this final *Eitel* factor weighs against the entry of the default judgment, it does not preclude that outcome. A contrary rule would mean that a default judgment

could rarely, if ever, be entered." *Twentieth Century Fox Film Corp. v. Riquelme*, No. LA CV16-08328 JAK (MRWx), 2017 WL 8231046, at *4 (C.D. Cal. Nov. 3, 2017).

### 7. **Summary of the *Eitel* Factors.**

The majority of *Eitel* factors favor default judgment. The Court therefore will grant Plaintiff's motion and enter default judgment against Defendants on the FLSA and AMWA claims (counts one through three) and against Transitional Homes on the AWA claim (count four).

### B. **Plaintiff's Requests for Statutory Damages and Other Relief.**

When a defendant is found liable under the FLSA, the plaintiff is entitled to their unpaid minimum wages, their unpaid overtime wages, "and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); *see Avila*, 2024 WL 863710, at *6 ("Double damages are the norm, and single damages are the exception.") (citing *Alvarez v. IBP, Inc.*, 339 F.3d 894, 910 (9th Cir. 2003)); *Chao*, 346 F.3d at 920 (same and noting that "these liquidated damages represent compensation, and not a penalty.") (citations omitted). When a defendant is found liable under the AMWA for failure to pay minimum wages, the plaintiff is entitled to treble damages – the unerpaid wages, including interest thereon, "and an additional amount equal to twice the underpaid wages[.]" A.R.S. § 23-364(G); *see Bhular*, 2024 WL 1160721, at *3 (awarding "trebled damages for unpaid regular wages" under § 23-364(G)). Likewise, when a defendant is found liable under the AWA for failure to pay wages, the plaintiff may recover "an amount that is treble the amount of the unpaid wages." A.R.S. § 23-355(A); *see Avila*, 2024 WL 863710, at *6 (same).

Plaintiff requests total damages in the amount of $90,679.68. This amount consists of $66,729.60 in trebled unpaid minimum wages under the AMWA and $23,950.08 in doubled unpaid overtime wages under the FLSA. Doc. 13 at 5-7, 9-10.[3] The Court need not simply accept the amount of damages Plaintiff requests in granting default judgment.

---

[3] Plaintiff does not seek to stack minimum wage damages. *See id.* at 9-11 (explaining that the larger AMWA damages engulf the smaller FLSA and AWA amounts); *see also Avila*, 2024 WL 863710, at *6 (noting that there is no basis to authorize stacked awards under the FLSA, AMWA, and AWA) (citation omitted).

*See Geddes*, 559 F.2d at 560.  Instead, there must be some evidentiary basis for the damages sought by Plaintiff.  *See Avila*, 2024 WL 863710, at *5.  The Court may, however, enter default judgment without a damages hearing where, as here, "the amount claimed is a liquidated sum or capable of mathematical calculation." *Million v. Pindernation Holdings LLC*, No. CV-23-00072-PHX-MTL, 2023 WL 2813684, at *5 (D. Ariz. Apr. 6, 2023); *see also Elektra Ent. Grp., Inc. v. Bryant*, No. CV 03-6381GAF(JTLX), 2004 WL 783123, at *2 (C.D. Cal. Feb. 13, 2004) (explaining that the plaintiff's "burden in 'proving up' damages is relatively lenient" and the "court can rely on the declarations submitted by the plaintiff").

Plaintiff can meet her burden of providing an evidentiary basis for the statutory damages she seeks by showing that she in fact performed work for which she was unpaid and presenting evidence to show the amount of that work "as a matter of a just and reasonable inference." *Brock v. Seto*, 790 F.2d 1446, 1448 (9th Cir. 1986) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)); *see Alvarez*, 339 F.3d at 914-15 (noting that the Ninth Circuit has approved approximated awards where "plaintiffs can establish, to an imperfect degree of certainty," that they have performed work for which they have not been paid); *Avila*, 2024 WL 863710, at *7 (awarding the plaintiff's estimated damages because they were provided for by statute and adequately supported by the calculations in her default judgment motion and supporting affidavit).

Plaintiff has submitted a sworn declaration estimating the hours she worked from February 20, 2023 through August 11, 2023, and specifying the amounts she was actually paid by Defendants and the amounts she is owed for unpaid wages.  Doc. 13-1.  Plaintiff reasonably estimates that her unpaid minimum wages are $22,243.20 and her unpaid overtime wages are $11,975.04.  *Id.* ¶¶ 6-19.  Pursuant to the FLSA, the $11,975.04 owed for unpaid overtime wages must be doubled to $23,950.08.  *See* 29 U.S.C. § 216(b); *Hetland v. Hirsch*, No. CV-21-00487-PHX-MTL, 2022 WL 657354, at *6 (D. Ariz. Mar. 4, 2022).  The $22,243.20 owed for unpaid minimum wages must be trebled to $66,729.60 under the AMWA.  *See* A.R.S. § 23-364(G); *Dunson*, 2023 WL 4933200, at *2; *Frey v.*

*Allstate L. Firm PC*, No. CV-22-01053-PHX-DJH, 2023 WL 5590319, at *5 (D. Ariz. Aug. 29, 2023) ("Arizona law requires 'an additional award that is equal to twice the underpaid wages[.]'").

Plaintiff also is entitled to an award of reasonable attorneys' fees and costs. *See Cramton v. Grabbagreen Franchising LLC*, No. CV-17-04663-PHX-DWL, 2022 WL 1719687, at *24 (D. Ariz. May 27, 2022) ("[B]ecause Cramton prevailed on her AMWA claim in Count Four against Keely, she is entitled to recover her reasonable attorneys' fees and costs[.]") (citing A.R.S. § 23-364(G)); *Xalamihua v. GGC Legacy Janitorial Servs. LLC*, No. CV-23-00009-TUC-BGM, 2024 WL 942101, at *1 (D. Ariz. Mar. 5, 2024) ("The FLSA requires that the prevailing party be awarded reasonable attorney fees and costs.") (citing 29 U.S.C. § 216(b)).

**IT IS ORDERED:**

1. Plaintiffs' motion for default judgment (Doc. 13) is **granted**.

2. Default judgment is entered in favor of Plaintiff Olga Ramirez and against Defendants Unique Transitional Homes Staffing LLC, Eddie Lee Pearson, and Peggy Pearson, jointly and severally, in the total amount of **$90,679.68** ($66,729.60 for unpaid minimum wages and $23,950.08 for unpaid overtime wages), plus applicable interest.

3. Plaintiff shall have until **May 6, 2024** to file a motion for attorneys' fees and costs. *See* LRCiv 54.2.

Dated this 22nd day of April, 2024.

David G. Campbell
Senior United States District Judge