**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Olga Ramirez, | No. CV-23-01882-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Unique Transitional Homes Staffing LLC, an Arizona limited liability company; and Eddie Lee Pearson and Peggy Pearson, a married couple, | |
| Defendants. | |

Plaintiff Olga Ramirez asserts claims for unpaid wages against Unique Transitional Homes Staffing LLC ("Transitional Homes") and Eddie and Peggy Pearson (collectively "Defendants"). Doc. 1. Defendants were served with process, but have failed to answer or otherwise respond to the complaint. *See* Docs. 5-7. Pursuant to Federal Rule of Civil Procedure Rule 55(b)(2), the Court granted Plaintiff's motion for default judgment against Defendants in the amount of $90,679.68, plus interest. Docs. 13, 14.

Plaintiff has now filed a motion for award of attorneys' fees and costs pursuant to Rule 54(d) and Local Rule of Civil Procedure 54.2. Doc. 15. For reasons stated below, the Court will grant the motion in part and deny in part.

**I.   Background.**

According to Plaintiff's complaint, Transitional Homes owns and operates a sober living home in Maricopa County, Arizona. Doc. 1 ¶¶ 12-13, 31-32. Eddie and Peggy

Pearson are the owners of Transitional Homes. *Id.* ¶ 15. Defendants employed Plaintiff as the sober living home manager between February and August 2023. *Id.* ¶¶ 33-34.

Defendants agreed to pay Plaintiff $1,000 per week regardless of the number of hours she worked. *Id.* ¶¶ 35-38. Rather than classify Plaintiff as a nonexempt employee, Defendants misclassified her as an independent contractor. *Id.* ¶¶ 39-45, 55-64. Throughout her employment, Plaintiff worked approximately 16 hours per day, seven days a week. *Id.* ¶¶ 46-48. Defendants paid Plaintiff no overtime wages for working more than 40 hours in a workweek and paid her no wages for nine workweeks in the months of May, June, and August 2023. *Id.* ¶¶ 38, 48-54, 65.

The complaint asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the Arizona Minimum Wage Act ("AMWA"), A.R.S. § 23-362 et seq., and the Arizona Wage Act ("AWA"), A.R.S. § 23-350 et seq. *Id.* ¶¶ 77-99. The complaint's prayers for relief request unpaid minimum and overtime wages, liquidated and treble damages, reasonable attorneys' fees and costs, and applicable interest. *See id.*

The Court found default judgment appropriate under the relevant factors. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Doc. 14. Among other findings, the Court determined that the complaint asserts plausible claims for relief under the FLSA and the AMWA. *Id.* at 4-6.

Plaintiff has now moved for an award of attorneys' fees and costs. Doc. 15. No response has been filed, and the time for filing one has passed. *See* LRCiv 54.2(b)(3).

**II. Discussion.**

The FLSA states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant[.]" 29 U.S.C. § 216(b). The AMWA states that "[a] prevailing plaintiff shall be entitled to reasonable attorney's fees[.]" A.R.S. § 23-364(G). Plaintiff is entitled to reasonable attorneys' fees under these statutes. *See Ubinger v. Urb. Housekeeping LLC*, No. CV-23-01802-PHX-ROS, 2024 WL 3045303, at *1 (D. Ariz. June 18, 2024) (noting that "[t]he FLSA requires courts to award reasonable attorneys' fees to successful

plaintiffs."); *Acosta v. Pindernation Holdings LLC*, No. CV-23-0086-PHX-JFM, 2023 WL 3951222, at *5 (D. Ariz. Mar. 1, 2023) (explaining that "attorneys' fees and costs are recoverable by a successful employee under the FLSA and the AMWA") (citations omitted).

Plaintiff moves for a fee award of $9,434 for the time her counsel spent litigating this matter. Having reviewed Plaintiff's supporting memorandum (Doc. 15 at 4-14), the applicable fee agreement (Doc. 15-1), and counsel's declaration and statement of fees (Docs. 15-9, 15-10), and having considered the record as a whole and the relevant fee award factors, the Court finds the requested fee award to be reasonable and appropriate. *See* LRCiv 54.2(c)(3) (listing factors bearing on the reasonableness of a fee award); *Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983) (same). The Court will award attorneys' fees in the amount of $9,434 (21.2 hours at an hourly rate of $445). *See Fontes v. Anita's Street Market LLC*, 2024 WL 663434, at *2 (D. Ariz. Feb. 16, 2024) ("Plaintiff's counsel Clifford Bendau's hourly rate billed in this case is $445.00. Based on the factors courts may consider under Local Rule of Civil Procedure 54.2(c)(3), the Court finds this hourly rate reasonable."); *Alvarez v. Talaveras Renovations LLC*, No. CV-23-02654-PHX-DWL, 2024 WL 1195462, at *1 (D. Ariz. Mar. 20, 2024) ("The Court is satisfied by Plaintiff's showing that the [13.4] hours expended and counsel's hourly rate [of $445] are reasonable").

Plaintiff moves for an additional $25,821.90 to cover anticipated collection costs. Doc. 15 at 14-18. Plaintiff states that she will need to pay a $650 retainer and 25% of the recovery for collection efforts. *Id.* at 16-17). These costs are speculative and are better addressed at a later date. *See Ubinger*, 2024 WL 3045303, at *4 (explaining that costs the plaintiff anticipates incurring "still qualify as 'speculative'" and that "the very nature of awarding collections costs on the front end is improper [because a] court can only award 'reasonable' costs and fees"); *Ramos v. Probuilds LLC*, No. CV-23-01111-PHX-SMM (DMF), 2024 WL 1078078, at *9 (D. Ariz. Feb. 26, 2024) ("Although Defendants have not responded in this matter, an award of collection costs is speculative. . . . Simply,

recovery of attorneys' fees and costs incurred in pursuit of collection of the Court's judgment is not ripe."). Plaintiff is free to seek incurred collection costs or additional attorneys' fees in the future. *See Ubinger*, 2024 WL 3045303, at *5 (same); *Stamper v. Freebird Logistics Inc.*, No. CV-22-00155-PHX-MTL, 2022 WL 4448457, at *4 (D. Ariz. Sept. 23, 2022) ("Although the Court finds that the speculative collection costs are unreasonable, this Order does not preclude Plaintiff from seeking collection costs and, for that matter, future attorneys' fees, should they be incurred.").

The Court will deny as moot Plaintiff's request for $573.90 for filing and service fees (Doc. 15 at 14) because the Clerk of Court already taxed these costs and entered judgment accordingly (Docs. 16, 17). *See Hayes v. Bevil*, No. CV-05-465-TUC-DCB, 2006 WL 8440603, at *1 (D. Ariz. Mar. 3, 2006) ("Defendants' Application for Bill of Costs . . . [is] denied as moot based on the Clerk's Office Taxation of Costs to Defendants[.]").

**IT IS ORDERED:**

1. Plaintiffs' motion for an award of attorneys' fees and costs (Doc. 15) is **granted in part** and **denied in part** as set forth in this order.

2. Plaintiff is awarded attorneys' fees in the amount of **$9,434.00**.

Dated this 8th day of July, 2024.

David G. Campbell
Senior United States District Judge